UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Carsten Quinlan, et al.,

        Plaintiffs,

v.

Washington County, City of Woodbury,
Kim Richardson, Hailey Dornfeld,
Keshini Ratnayake, Tom Wedes,
Mathew Stephenson, Chris Murphy,
and Unknown John/Jane Doe(s),

        Defendants.

Case No. 24-cv-2782 (PAM/ECW)

**MEMORANDUM OF LAW IN SUPPORT OF THE CITY DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT AND/OR TO STRIKE THE AMENDED COMPLAINT**

---

## **INTRODUCTION**

Plaintiff Carsten Quinlan filed a 424-page, 552 paragraph (inclusive of subparts) Amended Complaint, asserting various causes of action against multiple defendants arising out of his January 2023 arrest, subsequent prosecution on criminal sexual conduct charges, and ongoing Child in Need of Protection (CHIPS) proceedings. There is nothing "short and plain" about such a lengthy pleading. Further, because Plaintiff "amended" his Complaint by adding over 200 hundred additional paragraphs—many of which include subparts—without specifying how the amendment corrects admittedly "incorrect" allegations in the original pleading, *see* Doc. 2-1 at ¶ 231, Defendants are left guessing what facts and claims remain pending in this action. This violates the core principles of Rule 8's notice pleading standard.

Finally, the State Court has issued two separate orders, directing Plaintiff address confidential data included in his Complaint, Amended Complaint, and exhibits attached thereto. *Doc. 1-1; Doc. 1-2.* To date, Plaintiff has not done so and, thus, it is unclear whether the Amended Complaint served on the City of Woodbury and Detective Kim Richardson ("City Defendants") is even the operative pleading in this matter. *See Docket* (publicly available at MCRO). As a result, the Court should grant the City's Defendants' Motion for Motion Definite Statement and/or strike Plaintiff's Amended Complaint.

## FACTS

*Plaintiff's Complaint*

On March 13, 2024, Plaintiff filed suit (hereinafter referred to as "Initial Complaint") against multiple defendants, alleging a myriad of claims arising out of his January 26, 2023 arrest. *Doc. 2* (*Complaint*). The Initial Complaint is 47 pages, comprised of 230 paragraphs, excluding subparts.[1] *See generally id.* The pleading is so unwieldy that Plaintiff felt the need to include a "Table of Contents." *Id.* at p. 3. In addition, Plaintiff attached 322 pages of exhibits, comprised of CHIPS investigative materials, police reports, a custody evaluation, expert reports, pleadings from other civil and family court actions, etc., which he cites in the pleading itself.

In violation of both applicable state and federal rules, Plaintiff's Initial Complaint contains: (1) the full legal names of his minor children; (2) confidential medical information related to Plaintiff's minor children, including medical procedures,

---

[1] With subparts, the Complaint is 252 paragraphs.

medications prescribed/administered to the minor children; and (3) a Custody Evaluation dated October 17, 2022 that is confidential pursuant to a stipulated Court Order from the family court matter. *Doc. 2-2.*

Due to Plaintiff's inclusion of confidential information in Plaintiff's Initial Complaint, the State Court entered an Order on March 25, 2024, designating the Initial Complaint and exhibits as "confidential and not accessible to the public" and directed Court Administration that, if restricting access to only portions of the Summons and Complaint is impractical, the Court Administrator should "make the entire Summons and Complaint not accessible to the public" due to confidentiality concerns. *Doc. 1-1*. Thereafter, the entire Summons and Initial Complaint was deemed confidential by the State Court. *Id.* (Plaintiff admitting no public access to Initial Complaint and exhibits).

In addition, the State Court permitted Plaintiff 20-days to file legal authority as to why the case caption should not be modified to only identify the minor children by their initials and why the medical records cand Custody Evaluation should not be subject to a Protective Order. *Doc. 1-1*. Plaintiff failed to respond to this Order. *See generally Doc. 2-1.*

***Plaintiff's Amended Complaint.***

On June 18, 2024, Plaintiff filed an Amended Complaint (hereinafter referred to as "Amended Complaint"). *Doc. 2-1*. Notably, despite being captioned as an "Amended Complaint," Plaintiff's amendment is an addendum or supplement to his Initial Complaint. *Id.* ¶ 231 ("All Claims #1 - #230 from the original complaint filed on March 13th, 2024 are incorporated herein."). In fact, the Amended Complaint continues the paragraph numbering from Plaintiff's initial pleading, starting at paragraph 231. *Id.*

Plaintiff's Amended Complaint consists of an additional 226 numbered paragraphs and, given its length, Plaintiff included a "Table of Contents." *Id.* Due to Plaintiff's frequent use of subparts, Plaintiff's Initial Complaint and Amended Complaint (collectively referred to as the "Consolidated Amended Complaint") is now comprised of 552 paragraphs. *Doc. 2, 2-1.* The pleading alone is 96-pages and the Consolidated Amended Complaint—with exhibits—exceeds 400 pages.

Further, despite the State Court's earlier admonishment, Plaintiff again referred to his minor children, by name, in the Amended Complaint. *Doc. 2-1*, ¶¶ 258, 262, 293. More glaringly, Plaintiff named each juror who served on his criminal trial, by name, and provided confidential information regarding the jurors' family, including jurors' family history of abuse, and medical conditions. *Id.* at ¶ 251. As the inclusion of juror identities, family history, and medical information is patently improper, the Court "deleted" the Amended Complaint from the Court file on June 28, 2024 and directed Plaintiff to file a "revised Amended Complaint." *Doc. 1-2.* To date, Plaintiff has failed to do so. *See generally State Court Docket.*

In addition, due to the manner in which Plaintiff amended his pleading, it is now unclear what revisions, if any, to the Initial Complaint, Plaintiff intended to make in the Consolidated Amended Complaint. For example, Plaintiff concedes Initial Complaint Paragraph 4[2] is "incorrect, as Plaintiffs misunderstood the employment status of Kim Richardson and Hailey Dornfeld." *Doc. 2-1*, ¶ 231. Yet, despite admitting his earlier factual

---

[2] Upon information and belief, Plaintiff used the # symbol in place of the ¶ symbol in his Amended Complaint. *See Doc. 2-1*, ¶ 231.

allegations are "incorrect," Plaintiff did not strike the incorrect factual allegations and appears to reassert the same "incorrect" allegations in Consolidated Amended Complaint at Paragraph 235. *Doc. 2-1*, ¶ 235. Similarly, both the Initial Complaint and Amended Complaint contain negligence claims against individually-named Defendants and it is unclear whether Plaintiff's amended pleading modifies, supplements, or replaces his original negligence claim. Likewise, Plaintiff's substitution of "Claims for Relief" is similarly ambiguous and confusing due to Plaintiff's failure to properly amend his Complaint in conformance with the applicable rules. *See* Fed. R. Civ. P. 15; Minn. R. Civ. P. 15.04 (court approval required if party seeks to supplement, rather than amend, pleading).

***Service of City Defendants***

On June 20, 2024, the City of Woodbury was served with the Amended Complaint, which has subsequently been "deleted" from the State court file, Initial Complaint and related exhibits. On June 26, 2024, Plaintiff served the Amended Complaint (pleading only) on Detective Richardson. On July 2, 2024, Plaintiff served the Initial Complaint with exhibits on Detective Richardson. Neither the Initial, nor the Amended Complaint served on Detective Richardson addressed the defects identified in the Court's March 25, 2024 or June 28, 2024 Orders. Further, given that the Court "deleted" the Amended Complaint from the Court's docket and that Plaintiff served the Initial Complaint a week after serving the Amended Complaint on Richardson, it is unclear what pleading is the operative pleading in this case.

5

# ARGUMENT

## I. PLAINTIFF'S CONSOLIDATED AMENDED COMPLAINT DOES NOT SATISFY NOTICE PLEADING REQUIREMENTS.

### A. Plaintiff's Consolidated Amended Complaint does not satisfy notice pleading requirements.

Federal Rule of Civil Procedure 8(a) requires that claims for relief "contain a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought." Fed. R. Civ P. 8(a)(2)-(3); *see also Gurman v. Metro. Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011) ("The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear."). Similarly, Rule 8(d) dictates that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ P. 8(d)(1). The requirement that a complaint contain a "short and plain statement of claims" exists to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

This Court has found lengthy complaints violate Rule 8. *See Favors v. Johnson*, No. 19-cv-0032 (PJS/TNL), 2019 U.S. Dist. LEXIS 42166, at *1-2 (D. Minn. Mar. 14, 2019). In *Favors*, the Court considered a 118-page complaint. The Court found the:

> Complaint is self-evidently not short. There is no need for the Complaint to be so prolix … Overlong pleadings of the kind submitted by [plaintiff] are an unnecessary burden on the defendants, who will be forced to pick through the lengthy complaint sub-paragraph by sub-paragraph and respond to each allegation, no matter how irrelevant to the litigation. *See* Fed. R. Civ. P. 8(b). Indeed, unnecessarily long pleadings tend to suggest that a litigant is motivated, at least in part, by an intent to force his opponents to expend as many resources as possible defending themselves—a hallmark of maliciousness.

*Id.* (requiring plaintiff to refile an amended complaint in compliance with Rule 8 or face dismissal); *Gurman,* 842 F. Supp. 2d at 1154 (dismissing a 60-page, 250-paragraph complaint); *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 439 (8th Cir. 1983) (dismissing "needlessly long, repetitious and confused" complaint for failure to comply with Rule 8); *Carlson v. Ameriprise Fin.*, 08-5303 (MJD/JJK), 2009 U.S. Dist. LEXIS 132440, at *21 (D. Minn. May 21, 2009). In fact, the Eighth Circuit has affirmed a dismissal with prejudice of a 60-page, 99-paragraph complaint due to the "style and prolixity" of the complaint, which would make "an orderly trial impossible." *Michaelis*, 717 at 739.

Here, like *Favors* and *Michaelis*, Plaintiff's Consolidated Amended Complaint is needlessly long and replete with irrelevant (and often confusing) facts. It is "self-evident" that Plaintiff's 424-page, 552-paragraph Consolidated Amended Complaint does not reflect a "short and plain statement" of claim. *Favors*, 2019 U.S. Dist. LEXIS 42166 at *1-2; *Gurman*, 842 F. Supp. 2d at 1152. Nor could Plaintiff's lengthy Consolidated Amended Complaint be considered "simple, concise, and direct." Fed. R. Civ. P 8(d)(1). Rather, like the complaint in *Favors*, Plaintiff's Consolidated Amended Complaint does not satisfy Rule 8's notice pleading requirements due to its inclusion of voluminous factual allegations that are irrelevant to Plaintiff's causes of action. *See Favors*, 2019 U.S. Dist. LEXIS 42166 at *1-2; *see, e.g.*, *Amended Complaint* ¶¶ 248-359 (lengthy allegations regarding Plaintiff's impressions of witness testimony and evidence offered at his criminal trial).

Further, more compelling the *Favors* and *Michaelis*, Plaintiff asserts two overlapping negligence claims against Richardson, found in the Initial Complaint (Doc. 2, ¶¶ 190-99) and in the Amended Complaint (Doc. 2-1, ¶¶360-67). Both negligence claims appear to relate the interview of Plaintiff's minor child and, due to the manner in which Plaintiff improperly and incoherently "amended" his Complaint, it is unclear which negligence claim Plaintiff intends to pursue against Detective Richardson. This confusion is only amplified by Plaintiff's decision to serve the Initial Complaint on Detective Richardson *after* serving the Amended Complaint, which the State Court "deleted" from the Court docket in the week that elapsed between service of the separate pleadings. Plaintiff's duplicative negligence claims and split service of the Initial and Amended Complaints underscores the confusion generated by Plaintiff's needlessly long and improperly amended Consolidated Amended Complaint.

In short, Plaintiff's unwieldly Consolidated Amended Complaint is neither concise nor direct, thus failing to meet the pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ P. 8(d). To this end, this Court should grant Defendants' Motion for a More Definite Statement, or alternatively, Defendants' Motion to Strike the pleadings.

> **B. Plaintiff's Consolidated Amended Complaint is an impermissible "kitchen-sink" complaint.**

"A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." *Tatone v.*

*SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012). This Court has "repeatedly criticized the filing of 'kitchen-sink' or 'shotgun' complaints—complaints in which a plaintiff brings every conceivable claim against every conceivable defendant." *Gurman*, 842 F. Supp. 2d at 1153; *see also Clayborne v. Minn. Dep't of Corr.*, No. 23-CV-3612 (JMB/TNL), 2024 U.S. Dist. LEXIS 110433, at *7 (D. Minn. June 24, 2024) ("Pleadings in which a litigant does not identify the specific defendant against which each claim is asserted (so-called 'kitchen-sink pleadings') fall short of the minimum pleading requirements set forth in Rule 8(a)."). "This type of pleading 'unfairly burden[s] defendants and courts' because it gives them the primary responsibility to identify the basis of the plaintiff's claims." *Judah v. Ovsak*, 550 F. Supp. 3d 687, 697 (D. Minn. 2021) (citing *Gurman*, 842 F. Supp. 2d at 1153).

Plaintiff's Consolidated Amended Complaint "unfairly burdens" City Defendants by not providing clear allegations against each individually named Defendant. *Id*. For example, Plaintiff—without explaining each Defendant's alleged role in his criminal prosecution—implicates every Defendant in his negligence and malicious prosecution claims. *See, e.g.*, *Doc. 2-1*, ¶¶ 360, 397, 408, 410. Specifically, in Paragraph 360, Plaintiff alleges that "all Defendants owed Plaintiffs at least one professional duty" without detailing the nature of the alleged duty owed. *Id.* ¶ 360. This defies Rule 8's pleading requirements. *Tatone*, 857 F. Supp. 2d at 831 (complaint must provide "fair notice of the grounds for the claims made against *a particular* defendant" and "identify the specific defendant against which each claim is asserted." (emphasis added)); *Clayborne*, 2024 U.S. Dist. LEXIS 110433 at *7.

9

Likewise, Plaintiff claims "Defendants' actions contributed to either instigating prosecution or continuing prosecution of CJQ," but (1) does not specify what specific action (or inaction) forms the basis for the relief sought; (2) each Defendant's alleged action or inaction; and (3) how the action or inaction lead to his prosecution. *Id.* Further adding to the confusion, Plaintiff uses the word "prosecution" to interchangeably refer to the criminal prosecution (82-CR-23-361) and pending CHIPS proceeding (82-JV-24-220) *Id.* ¶¶ 397, 399-401, 410 (addressing CHIPS proceeding, but failing to allege facts regarding Richardson's alleged role in the prosecution). As such, as drafted, the City Defendants will be unable to respond to many of the allegations as they are left guessing what conduct allegedly supports which causes of action asserted against them. Thus, Plaintiff must be ordered to clarify his malicious prosecution and negligence claims so that Defendants' can adequately respond to Plaintiff's assertions.

Finally, Plaintiff claims vicarious liability for the "egregious actions" of John/Jane Does, but fails to identify any facts to support claims against unidentified governmental actors. *Doc. 2-1*, ¶¶ 237, 364, 408, 411, 423. By not identifying the "egregious actions" in question, Plaintiff's Consolidated Amended Complaint "unfairly burdens" Defendants "because it gives them the primary responsibility to identify the basis of the plaintiff's claims." *Judah*, 550 F.Supp. 3d at 697; *Gurman*, 842 F.Supp. 2d at 1153. Therefore, Plaintiff must specify his accusations against John/Jane Does so that Defendants can properly answer Plaintiff's Consolidated Amended Complaint without unnecessary speculation.

In sum, Plaintiff's Consolidated Amended Complaint is so verbose, needlessly lengthy, and internally inconsistent so as to leave City Defendants questioning the precise nature of Plaintiff's claims. This violates Rule 8 and, thus, Plaintiff must be ordered to serve and file an Amended Complaint in compliance with the applicable rules or face dismissal of his action.

## II. PLAINTIFF'S CONSOLIDATED AMENDED COMPLAINT IS SO VAGUE AND AMBIGUOUS THAT IT IS INCAPABLE OF RESPONSE.

"Rule 12(e) provides a remedy for unintelligible pleadings." *Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 644 (D. Minn. 1996); Fed. R. Civ P. 12(e) (appropriate to seek a more definite statement if "is so vague and ambiguous that a party cannot reasonably prepare a response."). "When examining whether a more definite statement is required under Rule 12(e), the only question is whether it is possible to frame a response to the pleading." *Lyon Fin. Servs. v. MBS Mgmt. Servs.*, No. 06-4562 (PJS-JJG), 2007 U.S. Dist. LEXIS 104109, at *23 (D. Minn. Sep. 6, 2007) (citing *Century '21' Shows v. Owens*, 400 F.2d 603, 607 (8th Cir. 1968)).

Plaintiff's Amended Complaint incorporates the claims put forth in the Initial Complaint, effectively making the Amended Complaint a supplemental pleading.[3] *Doc. 2-1*, ¶ 231. Indeed, Plaintiff also uses the "Amended Complaint" to refer to events that

---

[3] "An amended pleading is designed to include matters occurring before the filing of the bill but either overlooked or not known at the time. A supplemental pleading, however, is designed to cover matters subsequently occurring but pertaining to the original cause." *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) (quoting *Berssenbrugge v. Luce Mfg. Co.*, 30 F. Supp. 101 (W.D. Mo. 1939)) The party's "erroneous characterization" of the pleading is immaterial; the substance of the pleading is controlling. *Id*. at 886 n.1

11

allegedly transpired since the filing of the Initial Complaint; an inherent characteristic of a supplemental pleading. *See, e.g. id.* ¶¶ 238-247 (describing events that have occurred since the Initial Complaint was filed on March 13, 2024); Fed. R. Civ. P. 15(d) (describing supplemental pleadings as "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.") Furthermore, Plaintiff did not follow the correct procedure to supplement his Initial Complaint, instead framing the supplemental pleading as an amendment to his Initial Complaint to avoid seeking court approval prior to serving the pleading. *Compare* Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course.") *with id.* at 15(d) ("[T]he court may, on just terms, permit a party to serve a supplemental pleading.").[4]

In sum, by haphazardly supplementing his Initial Complaint, Plaintiff has created a procedurally defective and duplicative Consolidated Amended Complaint that requires clarification before Defendants may respond. *See supra* pages 5-9 discussing Plaintiff's separate negligence claims asserted against Richardson, duplicative (yet inconsistent Claims for Relief), and concerns regarding what version of the complaint is the operative pleading given the State Court's Order "deleting" the Amended Complaint and Plaintiff's decision to serve the Initial Complaint *after* the Amended Complaint was deleted from the state court file. In its current state, the Consolidated Amended Complaint is too ambiguous to expect a response from Defendants. *Lyon Fin. Servs.*, 2007 U.S. Dist. LEXIS 104109,

---

[4] The Minnesota Rules of Civil Procedure contain analogous provisions. *See* Minn. R. Civ. P. 15.01 (amended pleadings), 15.04 (supplemental pleadings).

at *23. Therefore, Plaintiff should be ordered file a complaint that is compliant with Rules 8 and 10 and, if he fails to do so, his cause of action should be dismissed.

### III. PLAINTIFF'S CONSOLIDATED AMENDED COMPLAINT MUST BE STRICKEN FOR IRRELEVANCE AND INVASION OF PRIVACY

Federal Rule of Civil Procedure 12(f) allows a party to make a motion to strike "any redundant, immaterial, impertinent or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f); *see also Donelson v. Ameriprise Fin. Servs.*, 999 F.3d 1080, 1092 (8th Cir. 2021) ("[I]t is sometimes appropriate to strike pleadings, such as when a portion of the complaint lacks a legal basis."). When deciding whether to grant a motion to strike, this Court has "liberal discretion." *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000). Typically, motions to strike are appropriate when the contents of the pleading have a prejudicial effect. *See Bjornson v. Soo Line R.R. Co.*, No. 14-4596 (JRT/SER), 2015 U.S. Dist. LEXIS 112307, at *10 (D. Minn. June 15, 2015). Because Plaintiff's Consolidated Amended Complaint contains numerous instances of irrelevant, immaterial, and highly confidential information, City Defendants' Motion to Strike should be granted.

### A. Plaintiff's Consolidated Amended Complaint invades the privacy of his minor children.

Federal Rule of Civil Procedure 5.2 dictates that a minor must only be referred to by their initials in pleadings. Fed. R. Civ. P 5.2(a)(3); *Broadus v. Johnson*, No. 16-cv-1211 (WMW/SER), 2017 U.S. Dist. LEXIS 237981, at *2 n.1 (D. Minn. June 5, 2017); *United States v. White Calf*, 634 F.3d 453, 455 n.2 (8th Cir. 2011) ("We use initials to protect the privacy of the victim and other minors involved."); *United States v. White*, 23 F. Supp. 3d

1033, 1034 n.1 (D. Minn. 2014). Rule 5.2 exists to protect "privacy concerns resulting from public access to electronic case files." Rule 5.2, 2007 Comm. Note.

Upon Plaintiff's filing of the Initial Complaint, he was explicitly advised by the State Court that he must redact references to his children's full names. Due to Plaintiff's failure to protect his minor children's identities, the Initial Complaint and all exhibits were deemed "confidential" and restricted from public access. *Doc. 1-1*. Despite being ordered to provide authority to support Plaintiff's inclusion of his minor children, by name, in this action, Plaintiff failed to do so. *Id.; see generally State Court Docket.* Rather than taking steps to protect his minor children's identities in his "Amended Complaint," Plaintiff continues to, at times, use his children's full names in violation of the State Court's March 25, 2024 Order. *See Doc. 2-1*, ¶¶ 256, 259, 262, 293.

Moreover, the exhibits to the Initial Complaint, not only list the children's full names, they: (1) address the children's medical condition(s), medical procedures and medications prescribed/administered, *See Doc. 2,* at Ex. J, p. 245; and (2) attached a confidential "Custody Evaluation Report" in violation of a Wisconsin State Court Order. *See Id.* at Ex. F, p. 135; *Doc. 2-2*. This Court has previously observed that such publication via the Court's electronic docket of confidential information "is especially troubling" when done by the purported representative of the child and merits sanctions. *Flores v. United States*, 2011 U.S. Dist. LEXIS 174682, *22-23 (D. Minn. Mar. 22, 2011) (sanctioning attorney who filed unredacted records of his client's minor children). Given the underlying policy considerations regarding protecting the privacy of minor children, Plaintiff's Initial

Complaint in its entirety (including exhibits)[5] and the Amended Complaint Paragraphs 256, 259, 262, 293 should be stricken and Plaintiff should be required to comply with Rule 5.2.

As a practical matter, Plaintiff must be required to comply with Rule 5.2. As currently pled and given the existing State Court Orders, the Consolidated Amended Complaint is not a public document. This is contrary to the "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222-23 (8th Cir. 2013) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978)); *R.L. Mlazgar Assocs., Inc. v. Focal Point, LLC*, 2024 U.S. Dist. LEXIS 108595, at *3 (D. Minn. June 20, 2024) (rejecting sealing documents because "the Court's docket" is "presumptively open to the public"). Further, permitting Plaintiff to pursue litigation on a pleading that is "confidential" and not publicly available presents unique challenges as it infringes on the manner in which discovery with third-parties is conducted and will have ramifications for future court filings. Accordingly, City Defendants Motion to Strike should be granted. Plaintiff should be required to file an amended pleading that complies with Rule 5.2 and, if he fails to do so, the complaint should be dismissed.

---

[5] Plaintiffs' minor children—the alleged victims of abuse—are mentioned by name *in passim* throughout the Complaint and exhibits. Due to the frequency with which they are named in both the pleading and exhibit, the State District Court Administration already determined that redaction was not feasible. As such, Plaintiff must be required to file and amended pleading that complies with Rule 5.2 and takes appropriate steps to protect his children's privacy, including protecting their identities and medical condition(s)/treatment.

### B. Plaintiff's Amended Complaint invades the privacy of the jurors in his criminal trial.

"A matter is immaterial or impertinent when not relevant to the resolution of the issue at hand." *McLafferty v. Safeco Ins. Co. of Ind.*, 2014 U.S. Dist. LEXIS 67558, at *7 (D. Minn. May 16, 2014); *Bishop v. St. Jude Med. S.C., Inc.*, 2020 U.S. Dist. LEXIS 134404, at *30 (D. Minn. July 29, 2020). Here, as outlined in greater detail below, Plaintiff's inclusion of the identities of jurors and disclosure of their confidential, personal information is immaterial to the resolution of the claims raised in the Complaint and impermissibly violates the jurors' privacy interests.

In April 2024, Plaintiff was tried for criminal sexual conduct in Washington County. *See State v. Quinlan*, 82-CR-23-361 (Minn. Tenth Jud. District). A jury was empaneled and acquitted Plaintiff. *Doc. 2-1,* ¶ 241 No juror had any involvement in the underlying investigation of the criminal sexual conduct charges or CHIPS proceedings related to Plaintiff's minor children. *See generally Doc. 2-1*. Thus, there can be no argument that the jurors' personal history is somehow relevant to pending litigation. *See* Fed. R. Evid. 401 (relevant evidence "has any tendency to make a fact more or less probable than it would be without the evidence"); *Bishop*, 2020 U.S. Dist. LEXIS 134404, at *30. For this reason alone, Paragraph 251 should be stricken from the Amended Complaint.

In addition, jurors, who are required to truthfully answer questions in voir dire, have protected privacy interests. *See Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 511-12 (1984) ("The jury selection process may, in some circumstances, give rise to a compelling interest of a prospective juror when interrogation touches on deeply personal

16

matters that person has legitimate reasons for keeping out of the public domain."); *United States v. Thao*, 586 F.Supp. 3d 924, 926 (D. Minn. 2022) (discussing Court's role in "protect[ing] the sensitive personal information all jurors provided and mak[ing] public disclosure of any juror's identity that juror's choice.") *State v. Me.*, 2021 Minn. App. Unpub. LEXIS 776, at *9 (Minn. App. Sept. 13, 2021).

Nonetheless, Plaintiff violates the jurors' privacy interests by including their full names and personal information in Paragraph 251 of his Consolidated Amended Complaint. While the individual juror's personal history has no relevance to Plaintiff's claims in this action, Plaintiff pled confidential, personal information disclosed by jurors in voir dire, including their martial status, medical history, family history of abuse, and arrest history. *See, e.g.,* ¶¶ 251(a), (g), (h). The disclosure of medical information, history of abuse, and prior arrests is the type of "deeply personal matters" Courts have found are worthy of protection. *See, e.g., Press-Enterprise*, 464 U.S. at 511-12.

Due to the privacy concerns implicated, the State District Court "deleted" the Amended Complaint from the court file because Plaintiff "improperly identify by name jurors stated to be involved in [his] criminal matter." *Doc. 1-2*. To date, Plaintiff has taken no steps to cure this defect in his Amended Complaint. *See Docket.* As the State District Court already found inclusion of the juror's identities and personal information was "improper" and since it is not relevant to Plaintiff's claims, Paragraph 251 should be stricken.

### C. Plaintiff's lengthy Amended Complaint contains irrelevant, redundant, and scandalous information.

"A matter is immaterial or impertinent when not relevant to the resolution of the issue at hand." *Bishop*, 2020 U.S. Dist. LEXIS 134404, at *30. "Material is scandalous if it generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *McLafferty*, 2014 U.S. Dist. LEXIS 67558, at *7-8.

The vast majority of Plaintiff's Consolidated Amended Complaint is immaterial, impertinent or scandalous. In addition to the issues specifically raised above, the bulk of Plaintiff's Amended Complaint is comprised of lengthy descriptions of proceedings that are not expressly relevant to his cause of action. *E.g.*, *Doc. 2-1*, ¶¶ 248-359 (summarizing Plaintiff's criminal trial, including Plaintiff's impressions of the strength of the evidence and witness credibility); *Id.* ¶¶ 152-70 (describing Plaintiff's pending medical malpractice litigation). However, neither Plaintiff's mental impressions of the strength of the evidence, credibility of various witnesses, and presentation of evidence in his criminal trial in April 2024, nor his pending medical malpractice action, is relevant to whether probable cause existed for his arrest on January 26, 2023. *Hosea v. City of St. Paul*, 867 F.3d 949, 955 (8th Cir. 2017) ("Probable cause exists when the totality of the facts known at the time of the arrest would justify a reasonable person in believing that the individual has committed or is committing an offense."); *Ehlers v. City of Rapid City*, 846 F.3d 1002, 1009 (8th Cir. 2017).

Although Plaintiff makes a malicious prosecution claim, his claim is based on the State's decision to prosecute him—a "reasonable Prosecutor would have … dismissed the case early on" and claiming the State improperly brought "a weak case to trial."[6] *Doc. 2-1*, ¶ 369. In fact, he does not raise any alleged misconduct during the trial. *Doc. 2-1*, ¶¶ 368-73. Accordingly, Plaintiff's lengthy summary of testimony and evidence offered at his criminal trial is irrelevant, immaterial and the Amended Complaint should be stricken for this reason.

Finally, Plaintiff makes frequent, irrelevant ad hominem attacks against Detective Richardson. *E.g.*, *Id.* ¶ 93 ("KR thinks far too highly of her own detective ability, mistaking her mediocrity for genius..."); *Id.* ¶ 131 ("KR is a fundamentally dishonest person."). Such attacks have no place in a pleading. *United States v. Young*, 470 U.S. 1, 10 (1985) ("personal attack[s]" are "improper" and there is a "duty to abstain from such attacks"); Fed. R. Civ. P. 8(a). All ad hominem attacks against Defendants should be stricken from Plaintiff's Consolidated Amended Complaint.

## **CONCLUSION**

Plaintiff's Consolidated Amended Complaint is neither short, nor plain. The State District Court has twice advised Plaintiff that his pleadings fail to protect minor and juror privacy; yet, Plaintiff persists in pursuing claims under his defective pleadings. Further, due to the manner in which Plaintiff "amended" his Initial Complaint, City Defendants are

---

[6] Plaintiff's malicious prosecution claims are not viable as a matter of law. *See Saterdalen v. Spencer*, 725 F.3d 838, 842-43 (8th Cir. 2013); *Schenk v. Chavis,* 461 F.3d 1043, 1046 (8th Cir. 2006).

left guessing what factual allegations and claims have been deleted, modified or otherwise revised by his Amended Complaint. This defeats the purpose of notice pleading.

Due to the scope and breadth of Plaintiff's pleading deficiencies, Plaintiff must be ordered to serve and file a Second Amended Complaint in compliance with Rules 8 and 10 and in conformance with Rule 15 and, if he fails to do so, this action should be dismissed. In addition, since the pleading deficiencies identified herein are too voluminous to be cured by striking stand-alone paragraphs, Plaintiff's Consolidated Amended Complaint should be stricken to protect the privacy interests of his minor children and jurors and to omit immaterial and irrelevant allegations from the Consolidated Amended Complaint. Therefore, City Defendants respectfully request the Court grant its Motion for More Definite Statement and Motion to Strike.

Dated: July 19, 2024

**JARDINE, LOGAN & O'BRIEN P.L.L.P.**

By: s/ Vicki A. Hruby
    **JOSEPH E. FLYNN**, #165712
    **VICKI A. HRUBY**, #0391163
8519 Eagle Point Boulevard, Suite 100
Lake Elmo, MN 55042-8624
Telephone: (651) 290-6500
Facsimile: (651) 223-5070
jflynn@jlolaw.com
vhruby@jlolaw.com

***Attorneys for Defendants City of Woodbury and Kim Richardson***