UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carsten Quinlan, et al.<br><br>             Plaintiffs,<br><br>v.<br><br>Washington County, City of Woodbury,<br>Kim Richardson, Hailey Dornfeld,<br>Keshini Ratnayake, Tom Wedes,<br>Mathew Stephenson, Chris Murphy,<br>And Unknown John/Jane Doe(s),<br><br>             Defendants. | Case No. 24-cv-2782 (PAM/ECW)<br><br>**RESPONSE MEMORANDUM TO DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT AND/OR TO STRIKE PLAINTIFF'S AMENDED COMPLAINT** |

## INTRODUCTION

First, I wish to confer my gratitude for ordering an extension to respond until August 15th. Without this, I would not have been able to respond in time. The extra time has allowed me to meet to research my legal position and have the "meet and confer" meeting with Attorney Hruby.

## EXPLANATION OF THE CASE

This case involves severe harm caused to myself and my three children by the defendants. Their actions have resulted in relationship damage, medical harm, financial ruin, and great psychological trauma. Instead of protecting my children, the defendants have conspired to isolate them with their abusive mother, who now has full medical custody and continues to medically abuse them without accountability. This has led to many unnecessary medical procedures (including at least one invasive surgery that installed a Gastronomy Tube in my

youngest daughter's abdominal wall) that place my children in ongoing and imminent danger while also inflicting great psychological harm. Instead of recognizing their errors, the defendants have chosen to double down on prosecuting me, hoping to avoid accountability and pervert justice in their favor.

The complexity of this case necessitates a lengthy and detailed complaint, as I must include all relevant claims now due to the principle of *Res Judicata*. Further, I do not want to risk the possibility of failing to state enough information so as to justify any motion to dismiss. Further, there is always some degree of preference that plaintiffs are allowed in choosing how detailed they want their complaint to be, and I have chosen to make a very detailed complaint. I believe in being highly detailed and particular in everything I do, as that is just the kind of person I am. There is no maliciousness intended, it is just how I understand the rules for drafting a pleading.

Further, as a Pro-se litigant, I lack the legal experience that may otherwise allow for a more streamlined complaint, as I must bring forth all arguments and claims that I am able to articulate. Where a professional lawyer may be able to anticipate which claims are most likely to be important, I cannot, and must err on the side of comprehensive detail rather than brevity. I have attempted to find legal representation, but have been unsuccessful because I can only afford representation on a contingency or pro-bono basis due to the crippling financial harm I have suffered. I have made my best effort toward researching all the legal claims and arguments I have put forth to accommodate the requirements of Rule 11. While I am clearly not a lawyer, one is not required to pass law school in order to file a complaint.

Although I would normally want to take more time to bring forth a lawsuit, I am pressed by the urgency of ending the ongoing harm that the defendants have placed my children in. Their

actions have not merely severed their relationship with their loving father, but have isolated them with their abusive mother who is addicted to multiplying their medical problems to promote herself as being the mother of several "special needs" children. Due to the reckless actions of the defendants, my children are in imminent danger every day. Medical child abuse is statistically the most lethal and dangerous form of child abuse, and the defendants have enabled it. Every day, the defendant's unrepentant actions exacerbate the damages they have already caused, and so I am forced to bring forth this case with all the urgency I can muster.

While I have borne the unjust costs of having my finances destroyed, having my children kidnapped, having to face malicious prosecution twice, and having to fight legal battles in Wisconsin, Minnesota, and now at the Federal level, the defendants whine about the "burden" of answering a lengthy complaint. Answering my complaint is not a significant "burden," for they are required to do nothing more than to face the natural consequences of their reckless actions while my children and I have borne the true burden of crippling damages.

## PROPOSED CONDITIONS FOR REWRITING THE COMPLAINT

Nevertheless, I am willing to compromise with the defendants in their request for a clearer and better defined complaint for them to answer. I will acknowledge that I made some procedural errors in how I attempted to amend the complaint that have caused unnecessary confusion. I will also acknowledge that the complaint's current status includes errors that I would like to fix. For example, the amended complaint still lists the State of Minnesota as a defendant, but they were dismissed from the case. Further, my inclusion of the ongoing juvenile court proceedings in my amended complaint was premature. I also agree with the need to fix confidentiality issues.

Therefore, I would like to propose the following conditions under which plaintiffs would agree to the defendant's motion for a more definite statement. We believe that these conditions will fix all the legitimate issues raised by the defendants, simplify the complaint that they need to answer, and simplify the rest of the trial by providing a higher quality foundational pleading.

**Condition 1:** The new complaint will only include claims pertaining to events occurring on or prior to April 12, 2024.

The purpose of this condition is to allow the plaintiffs to include the events that resolve the criminal case 82-CR-23-361, but do not include the events that are related to the start of juvenile case 82-JV-24-220. The amended complaint attempted to include too many issues that were premature, but this cutoff date should fix that problem.

Further, without this cutoff date, plaintiffs would be required to file an amended complaint for all events prior to the date of the original filing, which was March 13, 2024. Then plaintiffs would need the court's permission to file a supplemental pleading to include all the events up to April 12, 2024. This seems unnecessary and potentially confusing when these documents would most sensibly be combined into one amended complaint. Therefore, with this condition we are asking for the court's permission to file an amended complaint with a different cutoff date of April 12, 2024 rather than March 13, 2024.

**Condition 2:** The plaintiffs are permitted to file a supplemental pleading within 60 days after juvenile case 82-JV-24-220 is resolved. This supplemental pleading will include all claims pertaining to events occurring after April 12, 2024.

The purpose of this condition is similar to the purpose of Condition 1. It assumes that within 60 days from the resolution of this juvenile trial, the other events relevant to case 82-JV-24-220 will be at a sufficiently mature state such that all relevant events and actions of perpetrators that have engaged in this second instance of malicious prosecution will be mature enough to be included into our supplemental pleading. The resolution of this case is likely to happen by September 17, 2024.

Federal Rules of Civil Procedure Rule 15(d) states that "*On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.*" Therefore, as a condition of agreeing to the defendant's motion for a more definite statement, we require permission to file a supplemental pleading within 60 days of the resolution of 82-JV-24-220.

> **Condition 3:** The new complaint will name the following defendants: Kim Richardson, Hailey Dornfeld, Keshini Ratnayake, Tom Wedes, City of Woodbury, Washington County, and John/Jane Doe(s).

The purpose of this condition is so that all defendants named in the first amended complaint will know whether or not they will need to answer any claims in this new complaint. This set of defendants also reflects the claims that are related to the cutoff date from Condition 1. Mathew Stephenson and Chris Murphy would not be included, but can expect to be added in the supplemental pleading since they were not involved until after April 12, 2024. The inclusion of

John/Jane Doe(s) is to cover the possibility of discovering other defendants that are responsible for the damages suffered by the plaintiffs.

> **Condition 4:** The new complaint will not include any exhibits. Any exhibits referenced by the new complaint will be filed separately. Further, any exhibit that contains confidential information will either be redacted or filed as a sealed document.

This condition will reduce the overall size of the complaint dramatically, as the vast majority of the current complaint is the attached exhibits. Plaintiffs originally wanted to provide a copy of all these exhibits so that defendants would be able to answer the complaint without needing to request a copy of these documents. By filing the exhibits separately, any exhibits that contain confidential information can either be redacted or sealed to address the confidentiality issue.

> **Condition 5:** The new complaint will not use the children's full names, only their initials. Further, no personal information about the jurors from 82-CR-23-361 will be in the complaint. The complaint will also be organized such that it is very clear which claims apply to which defendants. The complaint will have a more professional tone.

This condition includes all requests from the defendants that plaintiffs have already agreed to. As an example of improving the overall tone of the complaint, the new complaint will have claims such as "*Detective Richardson's actions failed to meet the code of professional*

*conduct expected of police officers in the City of Woodbury*" rather than saying "*Detective Richardson is a fundamentally dishonest person.*"

**Condition 6:** This new complaint will not incorporate or reference any portion of either the initial complaint, nor the amended complaint, which can be discarded.

The purpose of this condition is to eliminate future confusion that could be caused by referencing different versions of the same complaint and to fix the problem of defendants not knowing which claims in the initial and amended complaint to answer.

**Condition 7:** The complaint will not exceed 420 numbered paragraphs, nor exceed 90 pages, nor exceed 22,000 words.

The purpose of this condition is to set an upper limit on the size of the complaint that still allows plaintiffs to fully state their case. This condition attempts to strike a reasonable balance between Rule 8, which advocates for brevity, Rule 18, guaranteeing plaintiffs the right to state all the claims they need, and Rule 9 that includes specific requirements for pleading some things, such as fraud.

Currently, without including any exhibits, the complaint and amended complaint combined are 97 pages, with 458 numbered paragraphs, and 24015 words. Therefore, this limit will be sufficiently large enough for rewriting these documents into a single document while also satisfying the defendant's primary request to decrease the overall size of the initial pleading.

**Condition 8:** Defendants will accept service of the new complaint electronically, through electronic filing with the court and through email to their legal representatives.

The purpose of this condition is to ensure that there are no more problems with defendants being served the complaint. In having served the initial complaint twice in person and having served the amended complaint once in person, the due process rights of notification of all the defendants has been properly respected. Therefore, further service through electronic channels is most fair and efficient. The only exception would be for newly named defendants, not already named on either the complaint or the first amended complaint, as they would be served normally like the other defendants already have been.

The defendants mentioned that they were confused because they were served the initial complaint after being served the amended complaint. This is somewhat disingenuous and misleading. The truth is that the original complaint was served properly in March 2024, but they delayed answering the complaint by claiming to have been served improperly. To resolve this, the defendants were served again by the Washington County Sheriff and the St. Croix County Sheriff, which they accepted.

**Condition 9:** The new complaint will be filed within 14 days of the court granting the defendant's motion for a more definite statement along with these conditions listed here.

Plaintiffs believe that 14 days will be sufficient for rewriting the complaint to accommodate all these conditions.

## CONCLUSION

In conclusion, we propose to rewrite the complaint under the specified conditions to address the legitimate points raised by the defendants while ensuring all necessary details are included. This approach will provide a clear, concise, and detailed statement of my claims, allowing the defendants to respond appropriately without sacrificing the complexity and completeness required for a fair trial.


Respectfully Submitted,

*[signature]*

Carsten Quinlan

August 13, 2024