# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Carsten James Quinlan et al., | Case No. 24-cv-2782 (PAM/ECW) |
| Plaintiffs, | |
| v. | **ORDER** |
| Washington County et al., | |
| Defendants. | |

---

This case is before the Court on Defendants City of Woodbury and Kim Richardson's (collectively, "the City Defendants") Motions for More Definite Statement and/or to Strike Plaintiff's Amended Complaint (Dkt. 8) and the City Defendants' Motion Re: Sealing (Dkt. 6). For the reasons discussed below, the City Defendants' Motions for More Definite Statement and/or to Strike Plaintiff's Amended Complaint are granted and their Motion Re: Sealing is denied as moot.

## I.       BACKGROUND

This case was initiated on March 13, 2024, when Plaintiff Carsten Quinlan filed a Complaint in Minnesota's Tenth Judicial District, Washington County, alleging various claims against the State of Minnesota and police and child protection investigators (including Defendant Kim Richardson) related to child abuse allegations and subsequent criminal proceedings against Quinlan. (Dkt. 2 at 1 (Complaint).) The Complaint is 47 pages with 230 paragraphs, not including subparagraphs, and, with the attached exhibits,

contains 369 pages of text.  (*See id.*)  The Complaint includes the following confidential information: the full legal names of Quinlan's minor children; confidential medical information related to Quinlan's minor children including medical procedures received, medications prescribed and administered, and medical financial records; and an October 17, 2022 Custody Evaluation Report, which is confidential pursuant to a stipulated Family Court order.  (*See, e.g.*, *id.* ¶¶ 135-99; 246-304.)  On March 25, 2024, the state court entered an order stating:

1. The Court Administrator shall temporarily designate the minor children's names, medical records and custody evaluation described herein as confidential and not accessible to the public.

2. If restricting access to only those portions of the Summons and Complaint is impracticable, the Court Administrator shall temporarily make the entire Summons Complaint [sic] not accessible to the public.

3. Plaintiff shall have 20 days from the date of this order to file legal authority and argument as to why: a) the case caption should not be modified to only identify the minor children by their initials, and b) the medical records and Custody Evaluation should not be subject to a protective or confidentiality order.

(Dkt. 1-1 at 3.)  It does not appear that Quinlan filed any supplemental legal authority and argument regarding the confidentiality issues in response to that order.  *See* 82-CV-24-1149 Wash. Cnty Dist. Ct. docket.[1]

The Complaint also includes personal attacks on Richardson, including statements such as: "KR thinks far too highly of her own detective ability, mistaking her mediocrity for genius, and only confirming her own bias instead of doing a real investigation" (Dkt.

---

[1]      The records for the underlying Washington County case can be located by searching by case number at https://publicaccess.courts.state.mn.us/CaseSearch.

2 ¶ 93); "KR acts arrogantly" (*id.* ¶ 98); and "KR is a fundamentally dishonest person" (*id.* ¶ 131), as well as alleging KR claims to be "infallible and clairvoyant" (*id.* ¶ 99).

Quinlan filed an Amended Complaint in state court on June 18, 2024, which added new claims and numerous new defendants, including the City of Woodbury.  (Dkt. 2-1 ¶¶ 360-440 (Amended Complaint).)  The Amended Complaint also named his minor children as Plaintiffs.  (*Id.* at 1.)  The Amended Complaint is 49 pages, incorporates the claims in the Complaint, and simply picks up where the Complaint left off at paragraph 231.  (*Id.*; *see id.* ¶ 231 ("All Claims #1-#230 from the original complaint filed March 13, 2024 are incorporated herein.").)  Thus, Quinlan apparently intends the Complaint, exhibits, and Amended Complaint to be one large complaint, totalling 417 pages and 457 paragraphs, not including subparagraphs (hereinafter "Full Amended Complaint"). (Dkts. 2 & 2-1.)  The Amended Complaint names the jurors from Quinlan's underlying criminal trial and includes personal and identifying information about them, including their occupations, number and ages of any children, and experiences with abuse.  (Dkt. 2-1 ¶¶ 251-52.)

On June 28, 2024, the state court issued an order which stated:

The document titled "Amended Complaint" has been deleted from the court file and is being returned to you because, as discussed at the June 18, 2024 motion hearing, pages 5-7 improperly identify by name jurors stated to be involved in your criminal matter. You may file a revised Amended Complaint redacting or otherwise protecting from public disclosure identifying information regarding these persons in accordance with all Court Rules.

(Dkt. 1-2.)  A review of the state court docket shows that Quinlan has not filed a revised Amended Complaint.  *See* 82-CV-24-1149 Wash. Cnty. Dist. Ct. docket.

The City Defendants assert that Quinlan's service of the Complaint and Amended Complaint on them was as follows:

> On June 20, 2024, the City of Woodbury was served with the Amended Complaint, which has subsequently been "deleted" from the State court file, Initial Complaint and related exhibits. On June 26, 2024, Plaintiff served the Amended Complaint (pleading only) on Detective Richardson. On July 2, 2024, Plaintiff served the Initial Complaint with exhibits on Detective Richardson. Neither the Initial, nor the Amended Complaint served on Detective Richardson addressed the defects identified in the Court's March 25, 2024 or June 28, 2024 Orders. Further, given that the Court "deleted" the Amended Complaint from the Court's docket and that Plaintiff served the Initial Complaint a week after serving the Amended Complaint on Richardson, it is unclear what pleading is the operative pleading in this case.

(Dkt. 10 at 5.)

The City Defendants removed the case to this Court on July 18, 2024 based on the pleaded § 1983 claims in the Amended Complaint, which gave this Court original jurisdiction pursuant to 28 U.S.C. § 1331.  (Dkt. 1 at 3.)

On July 19, 2024, the City Defendants filed the Motions for More Definite Statement and/or to Strike Plaintiff's Amended Complaint now before the Court.

After prompting from the Court via a Briefing Order (Dkt. 14), Quinlan filed a response and memorandum on August 13, 2024 on CM/ECF.  (Dkts. 16-17.)  In the filing, Quinlan agreed to "compromise" with the City Defendants' request for a more definite statement, acknowledging confusing procedural errors and other errors that he would like to fix.  (Dkt. 16 at 3.)  Quinlan also presents nine "proposed conditions" for rewriting the complaint.  (*Id.* at 3-8.)  The conditions are:

> Condition 1: The new complaint will only include claims pertaining to events occurring on or prior to April 12, 2024.

Condition 2: The plaintiffs are permitted to file a supplemental pleading within 60 days after juvenile case 82-JV-24-220 is resolved. This supplemental pleading will include all claims pertaining to events occurring after April 12, 2024.

Condition 3: The new complaint will name the following defendants: Kim Richardson, Hailey Dornfeld, Keshini Ratnayake, Tom Wedes, City of Woodbury, Washington County, and John/Jane Doe(s).

Condition 4: The new complaint will not include any exhibits. Any exhibits referenced by the new complaint will be filed separately. Further, any exhibit that contains confidential information will either be redacted or filed as a sealed document.

Condition 5: The new complaint will not use the children's full names, only their initials. Further, no personal information about the jurors from 82-CR-23-361 will be in the complaint. The complaint will also be organized such that it is very clear which claims apply to which defendants. The complaint will have a more professional tone.

Condition 6: This new complaint will not incorporate or reference any portion of either the initial complaint, nor the amended complaint, which can be discarded.

Condition 7: The complaint will not exceed 420 numbered paragraphs, nor exceed 90 pages, nor exceed 22,000 words.

Condition 8: Defendants will accept service of the new complaint electronically, through electronic filing with the court and through email to their legal representatives.

Condition 9: The new complaint will be filed within 14 days of the court granting the defendant's motion for a more definite statement along with these conditions listed here.

(*Id.* (cleaned up).)

The City Defendants sought leave to file a reply (Dkt. 18), which the Court

granted (Dkt. 19), and they subsequently filed a reply on August 22, 2024.  Their

Motions are now ripe for resolution.

## II.    LEGAL STANDARD

Rule 12(e) of the Federal Rules of Civil Procedure, which governs a motion for a more definite statement, states:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).  When determining whether a more definite statement is required under Rule 12(e), "the only question is whether it is possible to frame a response to the pleading."  *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013) (quoting *Lyon Fin. Sers., Inc. v. MBS Mgmt. Servs., Inc.*, No. 06-4562, 2007 WL 2893612, at *9 (D. Minn. Sept. 27, 2007), citing *Century '21' Shows v. Owens*, 400 F.2d 603, 607 (8th Cir. 1968)).

As part of this determination, the Court necessarily considers Rule 8(a)(2) of the Federal Rules of Civil Procedure, which governs pleading claims for relief, and requires that a pleading stating a claim for relief contain **only** need contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) further states that the pleading must be concise and direct: "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

In addition, Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent,

or scandalous matter."  Fed. R. Civ. P. 12(f).  "A matter is immaterial or impertinent when not relevant to the resolution of the issue at hand."  *McLafferty v. Safeco Ins. Co. of Indiana*, No. CIV. 14-564 DSD/SER, 2014 WL 2009086, at *3 (D. Minn. May 16, 2014) (quoting *Kay v. Sunbeam Prods., Inc.*, No. 2:09cv4065, 2009 WL 1664624, at *1 (W.D. Mo. June 15, 2009)).  "Material is scandalous if it generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court."  *Id.*

Rule 12(f) continues that "[t]he court may act: (1) on its own; or (2) on motion made by a party. . . ."  *Id.*  A district court enjoys "liberal discretion" under this rule.  *Stanbury Law Firm, P.A. v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citations omitted).  A motion to strike should be granted "if the result is to make a trial less complicated or otherwise streamline the ultimate resolution of the action."  *Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 830 (D. Minn. 2010).

Given these legal standards, the Court addresses Defendants' Motion.

## III.   ANALYSIS

### A.   Overview

The City Defendants seek a more definite statement under Federal Rule of Civil Procedure 12(e) and ask the Court to require Plaintiffs to comply with Federal Rule of Civil Procedure 8's pleading requirements that the complaint "contain a short and plain statement of the claim."  (Dkt. 8 at 1 (quoting Fed. R. Civ. P. 8(a)(2)).)  The City Defendants also seek, pursuant to Federal Rule of Civil Procedure 12(f), to strike the Full

Amended Complaint, or in the alternative, confidential information from the Full

Amended Complaint, including but not limited to:

> a. Plaintiff's minor children's full names from the caption, pleading(s), and
> all exhibits;
> b. Plaintiff's minor children's medical history, including medical procedures
> performed and medications prescribed/administered (see, e.g., Exhibit J);
> c. Custody Evaluation, Exhibit F, as it was previously deemed confidential
> by both this Court and a Dane County, WI court;
> d. Jurors' identifies, medical information, arrest history, and family history
> of abuse from the Amended Complaint; and
> e. Factual allegations that are irrelevant and harassing.

(*Id.* at 1-2.)  Finally, the City Defendants seek an order from the Court directing Plaintiffs

to file a Second Amended Complaint that complies with the Federal Rules, Local Rules,

and this Court's orders within 14 days of the Court's order, and if Plaintiffs fail to do so,

recommend that the case be dismissed with prejudice.  (*Id.* at 2.)

It appears, through Quinlan's response, that he agrees to many of the City

Defendants' requests.  (Dkt. 16 at 3-8.)  However, the Court addresses the Rules and

individual Motions below to provide clarity and direction to the parties.  Even though he

is pro se, Quinlan, just like any other party, must comply with all Federal and Local

Rules, and with this Court's orders.  *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th

Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett

v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not

entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs

v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from

failing to comply with substantive and procedural law.").

**B.     Discussion**

The City Defendants argue that the Full Amended Complaint is so vague and ambiguous that they cannot reasonably prepare a response, requiring a more definite statement pursuant to Rule 12(e).  (Dkt. 10 at 11-13.)  This includes the City Defendants' argument that the Amended Complaint effectively supplemented the Complaint rather than amending it, creating inconsistent and duplicative claims for relief.  (*Id.* at 12.)  For example, the City Defendants assert that both the Complaint and Amended Complaint contain negligence claims against individually named Defendants, but it is unclear whether the Amended Complaint modifies, supplements, or replaces the original negligence claims.  (*Id.* at 8, 12.)  The City Defendants also assert that, given that the state court "deleted" the Amended Complaint from the docket before the case was removed to this Court and that Quinlan served the Complaint after that occurred, it is unclear which version is the operative pleading in this action.  (*Id.* at 12.)

It is evident based on the Court's review of the Full Amended Complaint that it is not possible for the City Defendants to frame a response to the Complaint, Amended Complaint, or Full Amended Complaint.  *See Ransom*, 918 F. Supp. 2d at 901.  There are inconsistent and duplicative claims between the Complaint and Amended Complaint— including but not limited to a negligence claim against Richardson in the Complaint (Dkt. 2 ¶¶ 190-99) and another against her in the Amended Complaint (Dkt. 2-1 ¶¶ 360-67), both relating to an investigation of Quinlan for alleged child abuse—such that it is unclear what claims the Amended Complaint modifies.  This is exacerbated by the confusion around the state court's "deletion" of the Amended Complaint coupled with the

order and manner of Quinlan's service on the City Defendants.  Simply put, the pleadings are so vague and ambiguous that the City Defendants cannot reasonably prepare a response.  *See* Fed. R. Civ. P. 12(e).

Moreover, the City Defendants are unable to reasonably prepare a response to the pleadings because the Full Amended Complaint does not satisfy Rule 8's notice pleading requirements.  Indeed, at 417 pages and 457 paragraphs (not including subparagraphs), the Full Amended Complaint fails Rule 8's "short and plain" requirement.  "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear.  Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed."  *Gurman v. Metro Housing & Redevelopment Authority*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011).

Further, while the pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  With respect to any §1983 claim, a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing.  *See White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017); *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims because plaintiff's complaint "failed to allege sufficient personal involvement by any of [the] defendants to support such a claim").  Despite being 417

pages and 457 paragraphs (not including subparagraphs) long, the Full Amended

Complaint fails to provide clear non-conclusory factual allegations against each named

defendant to this action. (*See, e.g.*, Dkt. 2-1 ¶ 397 ("For The State of Minnesota,

Washington County, The City of Woodbury, Kim Richardson, Hailey Dornfeld, Matthew

Stephenson, and possibly John/Jane Doe(s), the tort of Malicious Prosecution is charged.

These Defendants treated CJQ with unwarranted malice. Defendants' actions contributed

to either instigating prosecution or continuing prosecution of CJQ. Defendants were

unjustified in either instigating or continuing prosecution of CJQ."), ¶ 408 (listing

numerous defendants and focusing on underlying criminal trial), ¶ 410 (listing numerous

defendants and focusing on underlying juvenile trial), ¶¶ 434-40 (alleging constitutional

rights violations and Section 1983 claims).)

Additionally, many of the causes of action are needlessly duplicative. For

example, the Complaint contains a Witness Tampering Claim and a Gross Negligence

Claim alleging that various defendants were grossly negligent by tampering with a

witness (*see* Dkt. 2 ¶¶ 100-19, 210-214), while the Amended Complaint contains

additional Witness Tampering and Gross Negligence Claims (where those Claims refer

back to the Witness Tampering and Gross Negligence Claims in the Complaint) (Dkt. 2-1

¶¶ 412-28). There is little, if any, difference between these Claims, and there was no

good reason for to have pleaded them in the different ways in two different pleadings.

"[C]omplaints like the one in this case unfairly burden defendants and courts. The

plaintiff who files a kitchen-sink complaint shifts onto the defendant[s] and the court the

burden of identifying the plaintiff's genuine claims and determining which of those

claims might have legal support." *Gurman*, 842 F. Supp. 2d at 1153 (dealing with a 60

page and almost 250 paragraph complaint); *see also Brown v. Ludeman*, No. 11-CV-2859

(JRT/ECW), 2023 WL 4399079, at *6 (D. Minn. July 7, 2023) (rejecting an 84-page,

274-paragraph complaint), *R. & R. adopted*, 2023 WL 5703194 (D. Minn. Sept. 5, 2023);

*Favors v. Johnson*, No. 19-CV-0032 (PJS/TNL), 2019 WL 1230367 (D. Minn. Mar. 15,

2019) (striking a 118-page complaint with hundreds of paragraphs);[2] *Naca v. Macalester*

*Coll.*, No. 16-CV-3263 (PJS/BRT), 2016 WL 5842771, at *1 (D. Minn. Sept. 30, 2016)

(rejecting an 81-page, and 250-paragraph complaint).  "This is emphatically not the job

of either a defendant or the Court." *Gurman*, 842 F. Supp. 2d at 1153.  The Court further

notes that "kitchen-sink complaints also harm the very plaintiffs who bring them." *Id.* at

1154.  In many cases, "[A] genuine dispute that supports a viable legal claim—or even a

few viable legal claims—underlies a plaintiff's complaint.  But this genuine dispute

becomes almost impossible to discern when it is wreathed in a halo of frivolous and near-

frivolous legal claims.  The bad obscures the good." *Id.*

　　While it is unclear—based in part on the confusing procedural posture of this

case—exactly how many claims Plaintiffs are alleging and against whom, it is apparent to

---

[2]　　Quinlan argues that *Favors* is different from his case because there the plaintiff
pleaded only "four claims against three defendants," *id.* at *1, while here his case is
"significantly more complex, involving a conspiracy to violate [his] civil rights,
numerous investigative errors, comparisons to other investigations, critical flaws in the
forensic interview process, and extensive damages resulting from the defendants'
actions."  (Dkt. 17 at 3.)  However, the plaintiff in *Favors* also argued that his case was
"very complex" and that it "involve[d] a multitude of violations of state and federal
rights, privileges and immunities"—an argument rejected by the *Favors* court.  2019 WL
1230367, at *2.

the Court that their claims do not require a lengthy pleading.  This is due in part to the

Full Amended Complaint containing voluminous factual allegations and assertions that

are irrelevant to Plaintiffs' causes of action.  (*See, e.g.*, Dkt. 2-1 ¶¶ 248-359 (summary of

Quinlan's criminal trial including names and other confidential information about the

individual jurors and detailed summaries of every witness including Quinlan's

editorializing).)

Quinlan argues that his need to "comply" with Federal Rule of Civil Procedure

18(a), which governs the joinder of claims, and the principle of res judicata, whereby the

disposition of an earlier claim bars against the litigation of a subsequent claim, balance

Rule 8's requirements for a short and concise pleading.  (Dkt. 17 at 1-2.)  However, Rule

18 does not grant Plaintiffs leeway to violate Rule 8.  *See Fletcher v. Inmate Bank*, 752 F.

App'x 683, 684-85 (10th Cir. 2019) ("Rule 18(a) allows joinder of multiple claims, but

the opportunity to include multiple claims did not eliminate the obligation to comply with

Rule 8.").  Nor does complying with Rule 8 prevent a plaintiff from asserting all

nonfrivolous claims arising from the same case of action so as to prevent barring of

potential future claims by res judicata.  *Pro. Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d

1030, 1032 (8th Cir. 2003) ("Under res judicata, a judgment on the merits in an earlier

lawsuit bars a second suit involving the same parties based on the same cause of

action.").  It is not the number of claims here that is the issue, but rather whether they are

unnecessarily verbose, frivolous, duplicative, or otherwise make it impossible for the City

Defendants to properly respond to under Rule 8's notice requirement.  The Court is

certain that Plaintiffs could comply with Rule 8's short and concise pleading

requirements and assert as many nonfrivolous claims as they have against the City Defendants while also complying with Rule 18 and guarding against any claims being barred in the future by res judicata.

Because Plaintiffs' Full Amended Complaint is neither short and concise, nor are the allegations simple, concise, and direct, the Court finds that it fails to satisfy Rule 8's notice pleading standard.

Finally, the City Defendants argue that the Full Amended Complaint should be stricken for irrelevance and invasion of privacy pursuant to Rule 12(f). (Dkt. 10 at 13-19.) Specifically, they argue that the Full Amended Complaint should be stricken in its entirety because it invades the privacy of Quinlan's minor children by using their full names rather than initials in the case caption and in exhibits, including their medical information and a custody evaluation; it invades the privacy of jurors from his criminal trial by naming the jurors and including other personal and identifying information about them; and it contains irrelevant, redundant, and scandalous information through his lengthy descriptions of his criminal trial and his ad hominem attacks of Defendant Richardson. (Dkt. 10 at 13-19.) Quinlan appears to concede that the Full Amended Complaint should be stricken by acknowledging that he will "fix" any confidentiality issues going forward, promising the second amended complaint "will have a more professional tone," and stating the Full Amended Complaint may be "discarded." (Dkt. 16 at 3, 6, 7.) Notwithstanding these concessions, Quinlan is advised that the Court will not tolerate any further disregard by Quinlan of his minor children's privacy, nor will it tolerate written submissions from Quinlan containing personal attacks.

Likewise, the inclusion of the jurors' names and personal information in the pleadings is immaterial and impertinent. *See McLafferty*, 2014 WL 2009086, at *3. It also invades the jurors' privacy rights. *See generally United States v. Thao*, 586 F. Supp. 3d 924, 925 (D. Minn. 2022) ("[T]he District of Minnesota's jury plan provides that '[n]ames and personal information concerning prospective, sitting, and previously seated petit and grand jurors must not be disclosed to attorneys, parties, the public, or the media . . . .' D. Minn. Jury Plan § 21(e). And federal law allows the Court to 'keep [jurors'] names confidential in any case where the interests of justice so require.' 28 U.S.C. § 1863(b)(7)."). While these jurors sat in a state court matter, these principles guide whether their names and other information should be included in a pleading in federal court. In the Court's view, based on the Full Amended Complaint, their names are not necessary for notice pleading purposes and their inclusion in a pleading is immaterial and impertinent.

Finally, the attacks on Richardson (and others) are scandalous because they "unnecessarily reflect[] on [her] moral character" and do so in a way that "detracts from the dignity of the court." *McLafferty*, 2014 WL 2009086, at *3. Such commentary and editorialization violates the Rules and will not be tolerated in future pleadings.

For all of the reasons stated above, the Court finds that granting the motion to strike will make the "trial less complicated" and will "otherwise streamline the ultimate resolution of the action." *Daigle*, 713 F. Supp. 2d at 830 (citation omitted). The Court therefore grants the motion to strike insofar as the Complaint and Amended Complaint will be stricken from the record. The Court will give Plaintiffs the opportunity to submit

15

**one single** second amended complaint that clearly and concisely sets forth their claims for relief and the factual basis for those claims. Consistent with this Order, the second amended complaint must not violate the privacy of Quinlan's minor children or the jurors in his criminal case. Federal Rule of Civil Procedure 5.2 requires that minors must only be referred to by their initials in pleadings. Fed. R. Civ. P. 5.2(a)(3). Quinlan's inclusion of his minor children's names in the case caption and elsewhere throughout his filings clearly violates this Rule and his minor children's privacy. Quinlan must not violate Rule 5.2 in any future filing. Moreover, Quinlan must not include medical information or references to the custody determination of the minor children in any future filing unless it is actually relevant to the claims asserted. Any filing that refers to the custody determination of Quinlan's minor children must be filed under seal with a redacted version filed publicly. Quinlan must not attach the minor children's medical documents or the custody evaluation to the second amended complaint. Further, the second amended complaint also must not contain scandalous assertions of the type discussed above with respect to Richardson, including personal attacks on any defendant or similar editorializing or commentary. Such assertions are not necessary for purposes of notice pleading and do not contribute to the merit of any of Plaintiffs' claims.

To ensure that the second amended complaint complies with Rule 8, the Court also grants the motion for more definite statement. The second amended complaint must comply with Rule 8. To aid Plaintiffs in that regard, the Court provides the following

requirements to Plaintiffs.[3]  The second amended complaint must be a standalone document that does not refer back to or rely on the Complaint or Second Amended Complaints.  The facts must be presented chronologically in the second amended complaint.  Plaintiffs must focus on the facts that describe in concise manner why they are entitled to relief as the result of alleged actions of Defendants.  Further, the second amended complaint must make clear which specific plaintiffs and which specific defendants are the subject of which specific allegations.  Blanket references to "plaintiffs" or "defendants" are unacceptable unless the references genuinely apply to every plaintiff and every defendant.  The second amended complaint must not contain duplicative, redundant, or repetitive material.  Finally, the second amended complaint must be no more than 10,000 words.  *See, e.g.*, *Gurman*, 842 F. Supp. 2d at 1154 ("the second amended complaint must not exceed 10,000 words"); *Naca*, 2016 WL 5842771, at *1 ("To proceed with this action, Naca must file an amended complaint of no more than 10,000 words. . . .").

To be clear, the list of requirements in the preceding paragraph is not exhaustive. As stated above, Quinlan and the other potential plaintiffs are required to comply with the Federal Rules of Civil Procedure, Local Rules for the District of Minnesota, and the Court's Orders.  Accordingly, the second amended complaint must comply with **all**

---

[3]     Plaintiffs proposed certain "conditions" in their opposition.  (Dkt. 17 at 4.)  It is unclear what Plaintiffs mean by "conditions," as the Court's decision as to these Motions is based on the applicable law and no party may impose "conditions" on the Court.  The Court understands Plaintiffs' proposed "conditions" to be requests that the Court rule in a certain way, and the Court has addressed those requests in this Order.

Federal Rules of Civil Procedure, including Rule 8, Rule 5.2, and Rule 10[4] (form of

pleadings); and all Local Rules, including specifically, District of Minnesota Local Rule

15.1[5] (no incorporation of prior pleadings); and all Orders issued by any judge presiding

---

[4]      Rule 10 provides:

(a) Caption; Names of Parties. Every pleading must have a caption with the
court's name, a title, a file number, and a Rule 7(a) designation. The title
of the complaint must name all the parties; the title of other pleadings,
after naming the first party on each side, may refer generally to other
parties.

(b) Paragraphs; Separate Statements. A party must state its claims or defenses
in numbered paragraphs, each limited as far as practicable to a single set
of circumstances. A later pleading may refer by number to a paragraph in
an earlier pleading. If doing so would promote clarity, each claim founded
on a separate transaction or occurrence--and each defense other than a
denial--must be stated in a separate count or defense.

(c) Adoption by Reference; Exhibits. A statement in a pleading may be
adopted by reference elsewhere in the same pleading or in any other
pleading or motion. A copy of a written instrument that is an exhibit to a
pleading is a part of the pleading for all purposes.

Fed. R. Civ. P. 10.

[5]      Local Rule 15.1 states:

(a) Amended Pleadings. Unless the court orders otherwise, any amended
pleading must be complete in itself and must not incorporate by reference
any prior pleading.

(b) Motions to Amend. Any motion to amend a pleading must be
accompanied by:

(1) a copy of the proposed amended pleading, and

(2) a version of the proposed amended pleading that shows — through
redlining, underlining, strikeouts, or other similarly effective
typographic methods — how the proposed amended pleading differs

over this case.  Quinlan is directed to the resources for pro se parties available on the
District of Minnesota website at the "Representing Yourself" tab
(https://www.mnd.uscourts.gov/representing-yourself), which contains links to the
Federal and Local Rules, the Pro Se Civil Guidebook and Information Sheets
(https://www.mnd.uscourts.gov/pro-se-civil-guidebook-and-information-sheets), and
other resources he may find useful.

The second amended complaint must be filed on or before October 25, 2024.  If it
is not filed by that date, or if it does not comply with this Order and the Federal and Local
Rules, the Court may recommend dismissal without prejudice of this action pursuant to
Rule 8 and Rule 41 of the Federal Rules of Civil Procedure.

The Court notes that the City Defendants have agreed to accept service
electronically of the second amended complaint via CM/ECF.  (Dkt. 23 at 5.)  They must
respond to the second amended complaint in accordance with the Federal Rules of Civil
Procedure as appropriate—whether it be an answer, a motion to dismiss, or a renewed
motion for a more definitive statement/motion to strike.  As to Defendants other than the
City of Woodbury and Kim Richardson, there is no evidence in the record indicating that
those Defendants have been properly served with any pleading so as to warrant any
response from them to the second amended complaint.  *See* Fed. R. Civ. P. 4.

---

from the operative pleading. If the court grants the motion, the moving
party must file and serve the amended pleading.

D. Minn. LR 15.1.

In sum, for all these reasons, the Court grants the City Defendants' Motions for More Definite Statement and/or Motion to Strike Plaintiffs' Amended Complaint (Dkt. 8). Given that the Court is striking the Complaint (Dkt. 2) and the Amended Complaint (Dkt. 2-1) from the record, denies the City Defendants' Motion Re: Sealing as moot. The under seal status of Docket Entries 2, 2-1, and 2-2 will remain unchanged.

## IV.   ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1.     Defendants City of Woodbury and Kim Richardson's Motions for More Definite Statement and/or to Strike Plaintiff's Amended Complaint (Dkt. 8) are **GRANTED**.

2.     The Clerk of Court is directed to **STRIKE** the Complaint (Dkt. 2) and Amended Complaint (Dkt. 2-1) from the record.

3.     Plaintiffs may submit one single second amended complaint that clearly and concisely sets forth Plaintiffs' claims for relief and the factual basis for those claims on or before **October 25, 2024**. The second amended complaint must comply with all Federal Rules of Civil Procedure, including Rule 8, Rule 10, and Rule 5.2, all Local Rules, including Local Rule 15.1, and all requirements imposed by this Order. The second amended complaint must be no more than 10,000 words. If the second amended complaint does not comply with the October 25, 2024 deadline and these requirements, the Court may recommend dismissal without prejudice of this action pursuant to Rule 8 and Rule 41.

4.      Defendants City of Woodbury and Kim Richardson shall respond to the second amended complaint in accordance with the Federal Rules of Civil Procedure.

5.      Defendants City of Woodbury and Kim Richardson's Motion Re: Sealing (Dkt. 6) is **DENIED** as moot.  Docket Entries 2, 2-1, and 2-2 will remain **UNDER SEAL**.

Dated: September 25, 2024                    *s/Elizabeth Cowan Wright*
                                             ELIZABETH COWAN WRIGHT
                                             United States Magistrate Judge